■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK PEREZ, Appellant.— Judgment, Supreme Court, Bronx County, rendered April 13, 1971, after trial to a jury, sentencing defendant-appellant on his conviction of possession of a loaded weapon to a term of imprisonment of not less than three and one half nor more than 10 years, and suspending sentence on his conviction of three counts of the misdemeanor of assault in the third degree, unanimously modified in the exercise of discretion and the interest of justice to time served, and otherwise affirmed. Defendant was tried under the former Penal Law, his acts having been committed at the time that law obtained. An earlier conviction of these crimes was reversed because of improper introduction of certain evidence (34 A D 2d 536); on the retrial for which remanded, the People established to the trial court's satisfaction — and we agree — that a diligent search had failed to locate the victim of the assault, who had been a witness at the first trial, and his testimony on both direct and cross-examination was permitted to be read to the jury (Code Crim. Pro., § 8, subd. 3). Additionally, that evidence was thoroughly corroborated by an eyewitness who had also testified earlier. Defendant's guilt was established beyond a reasonable doubt. On the earlier trial, defendant had been sentenced to a total of five years; on the later trial, the prosecutor filed an information charging defendant as a multiple-felony offender. Defendant admitted being the person earlier convicted but challenged the constitutionality thereof, which challenge was not sustained by the trial court, and defendant was sentenced, as a multiple offender under the old Penal Law, to a sentence double, in terms of maximum time limitation, that imposed on the first trial. The predicate conviction availed of as a basis for the multiple offender holding was a guilty plea of manslaughter, the sentence for which was imposed to run concurrently with that pronounced after the first trial of this case. Therefore, at the same time that the earlier conviction on assault and weapons charges was reversed (34 A D 2d 536), the manslaughter concurrent sentence was vacated (34 A D 2d 538) and, on remand for resentence, was committed to time served. It is observed that, while subdivision 3 of section 5.05 of the present Penal Law expressly preserves its provisions as applicable to offenses committed prior to its effective date, the multiple-felony offender provisions (former Penal Law, § 1940) were replaced by a new persistent felony-offender provision (present Penal Law, § 70.10). There are elements of doubt, in any event, whether the manslaughter conviction, because of its relationship in time to the assault and weapon case, was usable under either the old or new statute as a basis for an increased sentence. We find it unnecessary to resolve those doubts. As we are advised by the District Attorney dehors the record, defendant is now housed in a facility for aged and infirm prisoners, and would have long since been released by the Parole Board if willing to return to Puerto Rico. We weigh this factor against the background of the decision of the United States Supreme Court in *North Carolina* v. *Pearce* (395 U. S. 711) and find that there is at least a question raised as to whether imposition of a heavier sentence after retrial may be deemed punishment for having appealed the earlier conviction, particularly since the imprisonment directed was for the same crime for which sentence had earlier been suspended. Further, it is only the sentence, imposed after an unimpeachable conviction, which is at all questionable. Considering all the circumstances, we believe it to be in the interest of justice to cut through all these doubts by the simple device of reducing the sentence to time served, and we direct accordingly. Concur — Stevens, P. J., Markewich, Nunez, Kupferman and Murphy, JJ.